1

**LAW OFFICE OF RESHMA KAMATH**

2

Reshma Kamath, Cal. Bar No. 333800,
700 El Camino Real, Suite 120, #1084,

3

Menlo Park, California 94025, United States

4

Ph.: 650 257 0719, E.: reshmakamath2021@gmail.com
Counsel for Plaintiff MRS. KAMALPREET KAUR SIDHU

5

6

### IN AND FOR THE UNITED STATES DISTRICT COURT

7

### EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION

8

| MRS. KAMALPREET KAUR SIDHU, an individual, | Case No.: 1:23-at-241 |
|---|---|

9

| | |
|---|---|
| Plaintiffs, | **COMPLAINT FOR:** |
| v. | **1. FRAUDULENT CONSPIRACY;** |
| JACK WRIGHT, ANDREA WRIGHT, RAMIRO MINERO, EMERITA MINERO, and DOES 1-10, INCLUSIVE, | **2. MORTGAGE FRAUD;** |
| | **3. WRONGFUL FORECLOSURE;** |
| | **4. QUIET TITLE** |
| Defendants. | **DEMAND FOR JURY TRIAL** |

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

*TO THE HONORABLE COURT, ALL PARTIES, AND ATTORNEYS OF*

28

*RECORD, HEREIN:*

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## FEDERAL COMPLAINT

## INTRODUCTION

COMES NOW,  PLAINTIFF MRS. KAMALPREET SIDHU and hereby

submits this COMPLAINT,  and alleges the below factual allegations:

## PARTIES

1.  Plaintiff MRS. KAMALPREET KAUR SIDHU is the plaintiff, and the initial owner of the subject property. She is the spouse of RANDEEP S. DHILLON. ("PLAINTIFF.")

2.  Defendant JACK  WRIGHT hereafter  referred  to  as  ("DEFENDANT WRIGHT") is an individual person.

3.  Defendant ROMERO MINERO (A/K/A RAMIRO MINERO) is an individual person.

4.  Defendant EMERITA  MINERO is  an  individual  person,  and  wife  of ROMERO MINERO.

5.  PLAINTIFF remains ignorant  of  the  true  names  and  capacities  of DEFENDANTS, sued herein as ROES 1-10, inclusive, and therefore, sues these Defendants by such  fictitious  names.  PLAINTIFF presently  remains  unaware  of the  true  names  or capacities of defendants named herein as ROES 1-10, inclusive, and PLAINTIFF will seek leave of Court to allege their true names and capacities after the same have been ascertained.

6.  Defendants remain informed and believe, and on that basis alleges, that each of the defendants sued under fictitious names is in some manner responsible for the wrongs and damages alleged below, in so acting was functioning as the agent, servant, partner, and employee of the co-defendants, and in taking the actions mentioned below was acting within the course and scope of his or her authority as such agent,  servant,  partner,  and  employee,  with  the  permission  and  consent

1  of defendants. The named defendants and are sometimes hereafter referred to,

2  collectively and/or individually, as "defendants."

3     7.  PLAINTIFFs remain informed and believe and thereon allege that each

4  of the DEFENDANTS herein and are in some manner legally responsible for the

5  acts and omissions alleged herein and actually and legally caused and contributed to

6  various injuries and damages alleged herein.

7     8.  PLAINTIFFs remain informed and believe, and thereon allege that at

8  all times herein mentioned, each of the DEFENDANTS was the agent, servant,

9  partner, joint venturer, and/or employee of each of the other DEFENDANTS, and in

10 doing the things hereinafter alleged, were acting within the course and scope of said

11 agency and/or employment, and with the permission.

12    9.  All DEFENDANTS were responsible for the events and damages alleged

13 herein, including on the following bases: (a) DEFENDANTS committed the acts

14 alleged; (b) at all relevant times, cone or more of the DEFENDANTS was the agent

15 or employee, and/or acted under the control or supervision, of one or more of the

16 remaining defendants and, in committing the acts alleged, acted within the course

17 and scope of such agency and employment and/or is or are otherwise liable for

18 PLAINTIFFs damages; (c) at all relevant times, there existed a unity of ownership

19 and interest between or among two or more of the defendants such

20                **JURISDICTION AND VENUE**

21    10.This Court has original subject matter jurisdiction over the federal claims

22 under 28 U.S.C. §§ 1331 and 1346(b)(1.)

23    11.As a direct and proximate result of the unlawful acts of Defendants, Plaintiffs

24    12.have suffered and continue to suffer damages in amounts to be proved at trial,

25 but no less than $2.5 MILLION.

26    13.This Court is the proper venue pursuant to 28 U.S.C. § 1402(b) as Plaintiff

27 resides within this judicial district.

28 ///

COMPLAINT

# FACTUAL ALLEGATIONS

14. In January 2006, PLAINTIFF paid $150,000 for an escrow to TYCOR title.

15. PARCEL A: DHILLON'S RESIDENTIAL PROPERTY (ASSESSOR PARCEL NUMBER 184-392-58-8)

16. PARCEL A has the address 15906 WIBLE ROAD, BAKERSFIELD, CALIFORNIA 93313. PLAINTIFF paid $50,000 cash payment to ROMERO MINERO, EMERITA MINEOR, and DR. DHILLON paid the MINEROS $50,000 in closing. FIDELITY NATIONAL TITLE COMPANY was the escrow for PARCEL A.

17. In April 2007, PLAINTIFF went to India. Plaintiff's spouse, DR. DHILLON consented to pay MINERO $400,000

18. On May 25, 2007, unbeknownst to PLAINTIFF, there was a notary forged signature of PLAINTIFF, KAMALPREET SIDHU.

19. On May 30, 2007, PLAINTIFF refinanced with INDYMAX. The refinance via INDYMAX was $1.35 million.

20. PLAINTIFF and her spouse, then via INDYMAX gave $400K to MINERO, whereas latter agreed and became a signator.

21. It was a conventional loan for lender, and second was seller carryback. A $600,000 lien via forged signature of PLAINTIFF and her spouse was placed on PARCEL A deed.

22. On April 12, 2013, there was a transfer from personal name to JALSA PALMS BTI, LLC owner, JASPREET.

22. On March 03, 2014, there was a pre-foreclosure notice.

23. On May 19, 2014, JALSA PALMS BTI, LLC owned PARCEL A.

24. On Feb. 08, 2016, KERN NUTS CO INC. was the owner of PARCEL A, and then transferred to JALSA PALMS BTI, LLC. PARCEL B: DHILLON'S GROVE PROPERTY (ASSESSOR PARCEL NUMBER 184-392- 59-0).

COMPLAINT

25. PARCEL B has the address 1615 SOUTH H STREET, BAKERSFIELD, CA 93304.

26. PLAINTIFF and her spouse were to pay $0.50 million for PARCEL B within a one-year CHICAGO TITLE COMPANY was the escrow company for PARCEL B.

27. Via the INDYMAC refinance of $1.35M for PARCEL A, in 2006, TYCOR arranged PLAINTIFF and DR. DHILLON pay $400,000 to the lien of MINERO for PARCEL B.

28. There was no Mortgage Service Provider involved in this arrangement. Only MINERO, who accepted $400,000 for PARCEL B from PLAINTIFF, and the lien was released by MINERO in 2013.

29. Since 2013, PLAINTIFF became the valid and legitimate owner of PARCEL B. No seller carry-back financing was owed. DR. DHILLON had made full and final payments to MINERO.

30. In 2013, PARCEL B was transferred from PLAINTIFF and DR. RANDEEP SINGH DHILLON to WATERLANDS BTI, LLC, member-manager KAMALPREET SIDHU, spouse of DR. RANDEEP SINGH DHILLON. In 2016, ROMERO MINERO allegedly served a NOTICE OF DEFAULT. In 2016, the purported NOTICE OF DEFAULT was never personally served on PLAINTIFF. WATERLANDS BTI, LLC will be revived in California with the Franchise Tax Board shortly.

31. In 2016, ROMERO MINERO fraudulently listed PARCEL B for sale in the amount of $435,000. In 2016, ROMERO MINERO planned an internal sale to the neighbor of MINERO, i.e., JACK WRIGHT.

32. Approximately, three-hundred thousand dollars ($300,000) foreclosed back to ROMERO MINERO fraudulently – unbeknownst to PLAINTIFF and DR. DHILLON.

33. GURPREET SINGH was a different buyer who wanted to purchase the

COMPLAINT

1  property.

2      34. JACK WRIGHT, a neighbor, of MINERO and PLAINTIFF allegedly got

3  PARCEL B from MINERO.

4      35. JACK WRIGHT is not the alleged true owner of PARCEL A and

5  PARCEL B. He does not a valid deed to PARCEL A (it was via forgery).

6      36. Further, the deed JACK WRIGHT presents for PARCEL B was via

7  WRONGFUL FORECLOSURE, where DR. DHILLON had made a complete

8  payment of $50,000, and then, $400,000 to MINERO (who premeditated and

9  planned to cause a fraudulent sale to JACK WRIGHT).

10     37. The latter has used threats, such as "BLOODY INDIANS" to PLAINTIFF

11  and DR. DHILLON, and the other lessees, PINDER SINGH, and JASPREET.

12     38. Inter alia, the named DEFENDANTS in the consummation of the

13  Purchase and Sale Agreement constituted breach of contract, fraudulent

14  actions and representations, deceptive and unfair practices, and other wrongful

15  conduct as herein alleged.

16     39. PLAINTIFFs have incurred actual, compensatory, punitive, special and

17  general damages, in addition to mental anguish, trauma, stress, and

18  anxiety – with attorneys' fees and costs related to this litigation and further

19  expenses of the real property.

20

21           **CAUSES OF ACTION ALLEGED FIRST CAUSE OF ACTION**

22                        **FRAUDULENT CONSPIRACY**

23                          (Against all DEFENDANTS)

24     40. PLAINTIFFs incorporates Paragraphs 1-39 of this verified Cross-

25  Complaint as though fully set forth herein.

26     41. There is specific and particular evidence that DEFENDANTS

27  were engaged in conspiracy with aiding and abetting in the purchase and sale

28  of PARCEL A and B. A true and correct copy of escrow-ledger payment

COMPLAINT

1  from CROSS-COMPLAINT DHILLON to MINERO DEFENDANTS is attached as

2  "EXHIBIT A," and referenced via incorporation, herein.

3  42. PLAINTIFFS claim that they were harmed by DEFENDANTS' CONSPIRACY

4  AND FRAUD, and that DEFENDANTS remain responsible for the harm because

5  DEFENDANTS were part of a conspiracy to commit fraud. A conspiracy is

6  an agreement by two or more persons to commit a wrongful act. Such an agreement

7  may be made orally or in writing or may be implied by the conduct of the parties. A

8  conspiracy may be inferred from circumstances, including the nature of the acts

9  done, the relationships between the parties, and the  interests of  the  alleged

10  coconspirators,  DEFENDANTS  JACK  WRIGHT, ROMERO MINERO AND

11  EMERITA MINERO. PLAINTIFFS are not required to prove that DEFENDANTS

12  personally committed a wrongful act or that they knew all the details of the

13  agreement or the identities of all the other participants.

14      43. As a further direct and legal result of the aforementioned breach of the

15  Agreement, PLAINTIFF is entitled to monetary damages according to proof at time

16  of trial.

17  **SECOND CAUSE OF ACTION**

18  **MORTGAGE FRAUD**

19  **(Against all DEFENDANTS)**

20

21  44. PLAINTIFF incorporates Paragraphs 1-43 of this Complaint as though fully set

22  forth herein.

23  45. In 2006, PLAINTIFF  DHILLON  paid $400,000  to  the escrow lien  to

24  ROMERO MINERO AND EMERITA MINERO.

25  46. MINERO DEFENDANTS released the lien on  PARCEL A after receiving

26  $400,000 from PLAINTIFF and her spouse.

27  47. MINERO DEFENDANTS forged  a  deed  while  PLAINTIFF, Kamalpreet

28  Sidhu and her spouse, DHILLON were in India.

COMPLAINT

1  48. MINERO DEFENDANTS did not provide timely and actual notice of the notice

2  of default, as well as notice of the foreclosure proceedings to any of the

3  DEFENDANTS, and/or to Kamalpreet Sidhu.

4  49. DEFENDANTS and each of them will enjoy the benefits of the Subject Property

5  and the money gained from PLAINTIFFS, because of Defendants own breach of the

6  implied covenant of good faith and fair dealing.

7  50. By relying on DEFENDANTS' false representations, PLAINTIFF, has suffered

8  major monetary loss along with the loss of  potential future profits that cannot be

9  calculated. The conduct of stated Defendants, collectively, was intentional,

10  wrongful, knowing, fraudulent, malicious, oppressive, and done in bad faith. As

11  such, PLAINTIFFs seek an award of actual, compensatory, actual exemplary, and

12  punitive damages in an amount to be determined according to proof at time of trial.

13  **THIRD CAUSE OF ACTION**

14  **WRONGFUL FORECLOSURE**

15  **(Against All DEFENDANTS)**

16  51. PLAINTIFFs incorporates Paragraphs 1-50 of this Complaint as though

17  fully set forth herein.

18  52. In 2006, PLAINTIFF  DHILLON  paid  $400,000  to the escrow lien to

19  ROMERO MINERO AND EMERITA MINERO. (See Exhibit A.)

20  53. MINERO DEFENDANTS released the lien on  PARCEL  A   after

21  receiving $400,000 from PLAINTIFF RANDEEP SINGH DHILLON.

22  54. MINERO DEFENDANTS forged a  deed while PLAINTIFF and her

23  spouse were in India.

24  55. MINERO DEFENDANTS did not provide timely and actual

25  notice of the notice of default, as well as notice of the foreclosure proceedings to

26  any of the agent and/or to Kamalpreet Sidhu.

27  56. Defendants and each of them will enjoy the benefits of the Subject

28

COMPLAINT

1 Property and the money gained from  PLAINTIFFS because of  Defendants  own

2 breach of the implied covenant of good faith and fair dealing.

3        57. As such, Defendants should not be allowed to profit at another's expense

4 without making restitution for the reasonable value of any monies, property,

5 services, or other benefits that have been unfairly received and retained

6                        **FOURTH CAUSE OF ACTION**

7                              **QUIET TITLE**

8                          **(Against DEFENDANTS)**

9        58. PLAINTIFFs incorporates Paragraphs 1-57 of this Complaint as though

10        fully set forth herein.

11        59. PLAINTIFF RANDEEP SINGH DHILLON is the true and legal owner of

12        Parcels A and B.

13        60. PLAINTIFF did not default on Parcel A, because he made full and final

14        payment in the amount of  $400,000 to DEFENDANTS MINEROS in 2006.

15        61. PLAINTIFF  was  in  India  while  the signature on the deed was forged,

16        unbeknownst to him.

17        62. PLAINTIFF  was operating  two  leased businesses on the subject

18        properties – PARCEL B was    leased to PLAINTIFF PLANZ PINDER

19        ENTERPRISES, INC., and HENRY DAVIS.

20        63. DEFENDANT JACK WRIGHT caused the sale of harvested

21 almond crops of LESSEEE PLANZ  PINDER ENTERPRISES,  INC. via CROSS-

22 DEFENDANTS' forged deed from MINERO DEFENDANTS.

23        64.     PLAINTIFFS pray for relief in the below-stated section.

24                          **PRAYER FOR RELIEF**

25        WHEREFORE, Plaintiff respectfully seek judgment against all Defendants as

26 follows:

27    1. That Plaintiff be awarded $4.50 million according to proof at the time of trial.

28

COMPLAINT

2.  That Plaintiff be awarded general, actual, and special damages according to proof at the time of trial.

3.  That Plaintiff be awarded incidental, compensatory, and expectancy damages according to proof at the time of trial.

4.  That Plaintiff be awarded punitive damages according to proof at the time of trial.

5.  That Plaintiff be awarded treble damages for distress, stress, and anguish, according to proof at the time of trial.

6.  That Plaintiff be awarded pre-and post-judgment interest accrued to date.

7.  That Plaintiff be awarded costs and fees of suit incurred herein.

8.  That Plaintiff be awarded their reasonable attorneys' fees incurred in this action.

9.  That Plaintiff be awarded such other and further relief that the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs request a jury trial for all issues so triable that are raised herein or that hereinafter may be raised in this action.

///

*Respectfully submitted,*

DATED:  March 20, 2023

*/S/ Reshma Kamath*

**LAW OFFICE OF RESHMA KAMATH**
Reshma Kamath,
Counsel for MRS. KAMALPREET KAUR
SIDHU, an individual

10

COMPLAINT