UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAMALPREET KAUR SIDHU,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>JACK WRIGHT, et al.,<br><br>　　　Defendants. | Case No.: 1:23-cv-00417 JLT CDB<br><br>ORDER GRANTING DEFENDANTS RAMIRO AND EMERITA MINERO'S MOTION TO DISMISS FOR LACK OF JURISDICTION AND DIRECTING THE CLERK OF COURT TO CLOSE THE MATTER<br><br>(Doc. 15) |

　　Plaintiff alleges Defendants engaged in fraudulent conspiracy, mortgage fraud, and wrongful foreclosure in connection with the purchase and sale of certain real property owned by her and/or her husband. (*See generally* Doc. 1.) Ramiro and Emerita Minero ("the Mineros" or "Minero Defendants") seek dismissal of the Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 15.) Plaintiff opposes dismissal, asserting subject matter jurisdiction exists and the Complaint states a plausible claim for relief. (Doc. 23.) The Court finds the matter suitable for decision without oral argument pursuant to Local Rule 230(g) and General Order 618. For the reasons set forth below, the Minero Defendants' motion to dismiss is **GRANTED**.

**I.    Background and Allegations**

　　Between January 2006 and May 2007, Plaintiff and her husband engaged in negotiations for the purchase and sale of real property ("Parcel A" and "Parcel B"), located in Bakersfield, California and owned by the Mineros. (*See* Doc. 1 at ¶¶ 14-29.) In May 2007, Plaintiff refinanced on Parcel A

1

and a $600,000 lien was placed on Parcel A based on Plaintiff's forged signature. (*See id.* at ¶¶ 18-21.) On April 12, 2013, Parcel A was transferred to Jalsa Palms BTI, LLC. (*Id.* at ¶ 22.) Plaintiff also alleges she became the "valid and legitimate owner" of Parcel B in 2013 and the property was then transferred to Waterlands BTI, LLC. (*Id.* at ¶¶ 29-30.) In 2016, Ramiro Minero fraudulently listed and sold Parcel B to Jack Wright without serving Plaintiff with a notice of default.[1] (*Id.* at ¶¶ 31, 34.)

Based upon these allegations, Plaintiff asserts causes of action for (1) fraudulent conspiracy, (2) mortgage fraud, (3) wrongful foreclosure, (4) and quiet title against the Mineros, Jack Wright,[2] and Does 1-10. (Doc. 1 at ¶¶ 40-64.) The Mineros filed the instant motion to dismiss on May 25, 2023, arguing the Court lacks jurisdiction because Plaintiff fails to allege diversity or federal question jurisdiction. (Doc. 15.) Plaintiff filed an opposition on June 5, 2023, (Doc. 23), to which the Mineros replied on June 7, 2023. (Doc. 24.)

## II.     Motion to Dismiss under Rule 12(b)(1)

The district court is a court of limited jurisdiction and is empowered only to hear disputes "authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Exxon Mobil Corp v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). The federal courts are "presumed to lack jurisdiction in a particular case, unless the contrary affirmatively appears." *A-Z Int'l. v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003). Thus, a plaintiff carries the burden of demonstrating the Court has subject matter jurisdiction. *Kokkonen*, 511 U.S. at 377 (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936)); *Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006).

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may challenge a claim for relief for lack of subject matter jurisdiction. A motion to dismiss under Rule 12(b)(1) "may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." *Thornhill Pub. Co., Inc. v. Gen. Tel. & Electronics*

---

[1] Among numerous other vague and disconnected allegations that the Court need not attempt to decipher, Plaintiff also alleges Wright is not the alleged owner of Parcel A, as the deed is forged and invalid. However, Plaintiff does not allege Wright purchased Parcel A from the Mineros.

[2] Plaintiff names "Andrea Wright" as a Defendant in the Complaint's caption but makes no reference to her otherwise.

2

*Corp.*, 594 F.2d 730, 733 (9th Cir. 1979) (citing *Land v. Dollar*, 330 U.S. 731, 735 (1947)). Thus, "[a] jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). The Ninth Circuit explained:

> In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.

*Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1038 (9th Cir. 2004). On a motion to dismiss under Rule 12(b)(1), the standards that must be applied by the Court vary according to the nature of the jurisdictional challenge.

If a defendant presents a *facial* challenge to jurisdiction, the Court must presume the truth of the plaintiff's factual allegations "and draw all reasonable inferences in his favor." *Doe v. Holy*, 557 F.3d 1066, 1073 (9th Cir. 2009); *Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003), *cert. denied*, 541 U.S. 1009 (2004). The Court should not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). However, the Court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" when resolving a facial attack. *Safe Air*, 373 F.3d at 1039.

On the other hand, if a defendant presents a *factual* challenge to the Court's jurisdiction, the Court "may review any evidence, such as affidavits and testimony." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988), *cert. denied*, 489 U.S. 1052 (1989); *Warren*, 328 F.3d at 1139. If a moving party presents a factual attack motion, "the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage*, 343 F.3d at 1039 n.2 (citing *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989)). Thus, the burden of proof remains with a plaintiff, who has "an affirmative obligation to support jurisdictional allegations with proof." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016).

**A.     Discussion and Analysis**

Federal subject matter jurisdiction can generally arise in two ways: (1) the action arises under the Constitution, laws, or treaties of the United States (i.e., raises a federal question), *see* 28 U.S.C. §

1331; or (2) the action is between parties of diverse citizenship, *see* 28 U.S.C. § 1332. In moving to dismiss this action, the Mineros note that on its face, the Complaint fails to allege diversity jurisdiction because Plaintiff makes no allegation as to any of the named Defendants' domicile. (Doc. 15-1 at 3.) They also note that the Complaint alleges the Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1346(b)(1), but no federal claims are alleged. (*Id*. at 3-4, citing Doc. 1 at ¶ 10.) Thus, the Mineros make a facial attack on the Court's jurisdiction. *See Safe Air*, 373 F.3d at 1038.

1. Federal question jurisdiction

"A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Unite Here Loc. 30 v. Sycuan Band of the Kumeyaay Nation*, 35 F.4th 695, 702 (9th Cir. 2022) (quoting *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002)) (alteration in original). Plaintiff's Complaint contains neither.

a. *Fraudulent conspiracy and mortgage fraud*

As to the first two causes of action—fraudulent conspiracy and mortgage fraud—Plaintiff alleges no federal law giving rise to either cause of action. (*See* Doc. 1 at ¶¶ 40-50.) Thus, to the extent Plaintiff seeks to hold Defendants liable under the False Claims Act, 31 U.S.C. § 3729 et seq., she does not bring an action on behalf of the government. *Jung Hyun Cho v. Select Portfolio Servicing, Inc.*, 2017 WL 3896308, at *7-8 (E.D. Cal. Sept. 6, 2017), *report and recommendation adopted*, 2018 WL 453878 (E.D. Cal. Jan. 17, 2018) (explaining the purpose of the FCA is to "discourage fraud against the government," and while private citizens may bring such actions as whistle blowers, plaintiff did not do so).

Insofar as Plaintiff seeks to hold Defendants liable for bank fraud under 18 U.S.C. § 1344, she is also precluded from doing so. Section 1344 provides:

> Whoever knowingly executes, or attempts to execute, a scheme or artifice—
>
> (1) to defraud a financial institution; or
>
> (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises;

4

>>shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

18 U.S.C. § 1344. There is no private right of action for bank fraud under federal criminal statutes, including § 1344. *See Schneider v. Bank of Am. N.A.*, 2012 WL 761975, at *8 (E.D. Cal. Mar. 6, 2012) (citing cases). Equally notable is that even if there were a private right of action, Plaintiff alleges she is an individual, not a financial institution within the meaning of the statute. *See* 18 U.S.C. § 20 (defining "financial institution").

Additionally, to the extent Plaintiff relies upon 28 U.S.C. § 1346(b), (*see* Doc. 1 at ¶ 10), this statute only confers original jurisdiction on district courts where the United States is a defendant to an action for money damages. *See* 28 U.S.C. §§ 1346(b), 2674; *see also Brownback v. King*, 209 L. Ed. 2d 33, 141 S. Ct. 740, 745 (2021) ("The Federal Tort Claims Act (FTCA) allows a plaintiff to bring certain state-law tort suits against the Federal Government."). Plaintiff does not assert any claims against the United States.

In her opposition, Plaintiff argues the Court has jurisdiction because the federal and state tax liens Defendants "primarily relied on in wrongfully foreclosing . . . fall neatly under the District Court's [federal subject-matter jurisdiction] for Internal Revenue service tax laws." (Doc. 23 at 3 [citing 26 U.S.C. § 6321].) However, Plaintiff fails to explain how *her* claims arise under federal law or how the vindication of a state law right—assuming, *arguendo*, she has such a right—turns on the construction of federal law. *Unite Here*, 35 F.4th at 702.

Under the Internal Revenue Code, "[w]hen a taxpayer neglects or refuses to pay a federal tax liability after assessment, notice, and demand for payment, § 6321 imposes a tax lien *in favor of the government* for all property and rights to property, whether real or personal belonging to the taxpayer." *Norcal Gold, Inc. v. Laubly*, 543 F. Supp. 2d 1132, 1137 (E.D. Cal. 2008) (internal quotation marks omitted) (emphasis added). Once a lien upon certain property has been established, the United States may bring an action under 26 U.S.C. §§ 7402 or 7403. *See, e.g., United States v. Weldon*, 2021 WL 242858, at *4 (E.D. Cal. Jan. 25, 2021), *aff'd*, No. 21-15311, 2022 WL 2340807 (9th Cir. June 29, 2022), *cert. denied*, 215 L. Ed. 2d 77, 143 S. Ct. 834 (2023) (finding jurisdiction was proper in action brought by United States to reduce tax assessments to judgment and to foreclose

5

federal tax liens under § 7403); *United States v. Peery*, 2019 WL 3035515, at *1, 3 (E.D. Cal. July 11, 2019), *report and recommendation adopted*, 2019 WL 4917607 (E.D. Cal. Oct. 4, 2019) (finding the United States was a proper plaintiff in an action to reduce to judgment federal tax assessments under § 7402); *United States v. Hill*, 2020 WL 5502327, at *1-2 (E.D. Cal. Sept. 11, 2020), *report and recommendation adopted*, 2020 WL 6158232 (E.D. Cal. Oct. 21, 2020) (action by government seeking judgment under § 7402 and decree of sale under § 7403). District courts have found jurisdiction over these actions under 26 U.S.C. § 7402 and 7403 as well as 28 U.S.C. § 1340 (providing district courts with original jurisdiction over civil actions arising under federal internal revenue law), and 28 U.S.C. § 1345 (providing district courts original jurisdiction over actions brought by the United States as plaintiff). *Weldon*, 2021 WL 242858, at *2; *Peery*, 2019 WL 3035515, at *1. Put simply, this is not an action by the United States to reduce to judgment or foreclose on a federal tax lien and Plaintiff fails to otherwise provide an explanation how her claims against Defendants rely on interpretation of the Internal Revenue Code.

Finally, the Mineros argue the Complaint does not give rise to federal jurisdiction because the removal of a tax lien imposed by § 6321, is governed by 26 U.S.C. § 7432. (Doc. 24 at 3.) Under this statute, a taxpayer may bring a federal civil action against the United States if an officer or employee of the Internal Revenue Service fails to release a lien. 26 U.S.C. § 7432. Plaintiff neither alleges this occurred nor names the IRS or the United States as a defendant under § 7432.

### b.   Wrongful foreclosure and quiet title

Plaintiff's remaining two causes of action are generally governed by state law. Wrongful foreclosure is a state law claim, *Curiel v. Barclays Cap. Real Est. Inc.*, 2010 WL 729499, at *1 (E.D. Cal. Mar. 2, 2010), governed by California Civil Code § 2924 et seq. Plaintiff does not argue otherwise.[3] Similarly, quiet title actions arise under state law. *See* Cal. Civ. Code § 760.010 et seq.; *see also Oregon ex rel. State Land Bd. v. Corvallis Sand & Gravel Co.*, 429 U.S. 363, 378 (1977) ("Under

---

[3] Plaintiff argues the Court has supplemental jurisdiction over her state law claims. (Doc. 23 at 5.) This argument is misplaced. Federal courts have "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, because the Court does not have jurisdiction over any of Plaintiff's claims, the Court need not decide whether to exercise supplemental jurisdiction.

our federal system, property ownership is not governed by a general federal law, but rather by the laws of the several States. 'The great body of law in this country which controls acquisition, transmission, and transfer of property, and defines the rights of its owners in relation to the state or to private parties, is found in the statutes and decisions of the state.'") (quoting *Davies Warehouse Co. v. Bowles*, 321 U.S. 144, 155 (1944)); *Quyen Le v. Metro. Life Ins. Co.*, 547 F. Supp. 2d 1050, 1052 (N.D. Cal. 2007) (observing that claims for quiet title and conversion were "state law claims"); *McNulty v. Casero*, 479 F. Supp. 3d 200, 209 (D. Md. 2020) (stating that the merits of a quiet title action are governed by state law).

Under the federal Quiet Title Act, an action may be brought against the United States "to adjudicate a disputed title to real property in which the United States claims an interest." 28 U.S.C. § 2409a; *see also Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 317 n.4 (2005) (stating that while federal law provides a cause of action for quiet title against the United States, it no longer had an interest in the subject property and thus, federal law provided no quiet title action against the defendant). As stated previously, Plaintiff does not name the United States as a defendant.

Finally, the Ninth Circuit clarified in *Yokeno v. Mafnas*, 973 F.2d 803 (9th Cir. 1992) that "[w]here the plaintiff seeks coercive relief under state law, as in a quiet title action, a well-pleaded complaint presents a federal question if the plaintiff's right to such relief necessarily turn[s] on some construction of federal law." *Id.* at 807 (internal quotation marks omitted) (alteration in original). In *Grable*, the Supreme Court reached a "different jurisdictional conclusion" by being faced with a "rare" quiet title action involving contested issues of federal law. 545 U.S. at 309. However, that is not the case. Plaintiff provides no explanation to support a finding that her quiet title claim—or any other claims—arises under federal law or turns on the construction of federal law. Thus, Plaintiff fails to establish federal question jurisdiction.

2.     Diversity jurisdiction

There are two requirements for invoking diversity jurisdiction: (1) diversity of citizenship; and (2) the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). Here, there does not appear to be diversity between the parties. Plaintiff alleges she is a resident of the Eastern District of

California. (Doc. 1 at ¶ 13.) However, a person's domicile—not his or her current place of residence—is the relevant inquiry. *See Hao v. Chen*, 2010 WL 3910165, at *3 (N.D. Cal. Oct. 5, 2010) ("[A]lthough a person's current residence may be a factor, '[a] person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state.'") (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). Thus, allegations of residence are insufficient to establish diversity of citizenship. *Id*.

Consequently, it is also insufficient that Plaintiff fails to allege any Defendant's domicile or state of citizenship. The Court is unable to determine whether diversity jurisdiction exists based on the Complaint's allegations. *See Kennedy v. Sphere Drake Ins.*, No. 00-36021, 2002 WL 505903, at *1 (9th Cir. Apr. 2, 2002) (finding complaint insufficient to establish jurisdiction where plaintiff "failed to allege his own domicile, failed to allege the principal place of business of the corporate parties, and failed to name and allege the citizenship of each member of the unincorporated parties."). Notably, Plaintiff neither asserts the Court has jurisdiction under § 1332 or argues such in her opposition.

In sum, the Complaint fails to show on its face that the Court has federal question or diversity jurisdiction over this matter. The Mineros' motion to dismiss for lack of subject matter jurisdiction is therefore **GRANTED**.

**B.     Leave to amend**

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (alterations, internal quotation marks omitted). When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id*. at 1130 (internal quotation marks omitted). Leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publishing*, 512 F.3d 522, 532 (9th Cir. 2008).

Plaintiff requests leave to amend only to the extent the Court found the Complaint was

insufficient to state a claim, an issue the Court did not reach. (*See* Doc. 23.) Nevertheless, it appears any leave to amend would be futile because none of Plaintiff's claims arise under federal law and such a deficiency cannot be cured by amendment. Accordingly, leave to amend will be denied.

### III.  Motion to Dismiss under Rule 12(b)(6)

The Mineros also seek dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (*See* Doc. 15 at 1.) Because the Court lacks subject matter jurisdiction over Plaintiff's claims, the motion to dismiss pursuant to Rule 12(b)(6) was rendered moot. Accordingly, the Court will not address the arguments made with respect to that aspect of the motion.

### IV.  Miscellaneous Motions

#### A.  Motion to recuse

In responding to Defendant Jack Wright's motion to dismiss, (Doc. 7), Plaintiff sought leave of the Court to file an opposition exceeding the page limit by two pages, which was denied. (*See* Docs. 11, 12.) Plaintiff renewed her request the same day. (Doc. 13.) Though Wright's motion and Plaintiff's request are now **DENIED** as moot, the Court will briefly address what it construes as Plaintiff's motion to recuse contained within her request. (Doc. 13.) Plaintiff argues that if "Judge Jennifer Thurston has trouble seeing why those two pages have substantive merit, then she must properly recuse herself, and bring it before a judicial officer who can consider this impartially, if such a judicial officer exists in the State of California, Federal District Courts." (*Id*. at 5.)

A judge must disqualify himself if "his impartiality might be reasonably questioned," 28 U.S.C. § 455(a), or if "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," 28 U.S.C. § 455(b)(1). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Pesnell v. Arsenault*, 543 F.3d 1038, 1044 (9th Cir. 2008) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Judicial bias or prejudice formed during current or prior proceedings is sufficient for recusal only when the judge's actions "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id*. The objective test for determining whether recusal is required is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. *United States v.*

*Johnson*, 610 F.3d 1138, 1147 (quotation marks and citation omitted). "Adverse findings do not equate to bias." *Id.* at 1148.

In its minute order, the Court explained that Plaintiff's request did not present a sufficient justification to exceed the page limit. (Doc. 12.) The Court also noted Plaintiff's bare assertion that the case involves complex facts and law but indicated that the motion to dismiss only consisted of 11 pages. (*Id.*) Most notably, Plaintiff conceded in a meet-and-confer e-mail that it did not matter whether Defendants stipulated to a longer opposition "because the substance of the meritorious hearing is within 25 pages." (Doc. 13 at 3.) Plaintiff's lodged opposition could have easily met the page limit with very minor formatting adjustments to eliminate unnecessary spacing. The Court denied the request without prejudice, providing Plaintiff with an opportunity to revise the document and advising her that in the event she did not do so, only the first 25 pages would be considered. (Doc. 12.) Even to the extent the Court was to consider only the first 25 pages, Plaintiff confirms that the merits of the opposition would be reached in doing so. Therefore, Plaintiff has not set forth an argument tending to show bias based solely on the Court's denial. An adverse finding does not equate to bias. *Johnson*, 610 F.3d at 1148. Accordingly, Plaintiff's motion to recuse (Doc. 13) is **DENIED**.

### B. Motion to disqualify

Because the Court lacks jurisdiction over this matter and the action must be dismissed, Plaintiff's motion to disqualify defense counsel, Darren Bogie, (Doc. 16) is also **DENIED** as moot.

### C. Motion for sanctions

Finally, Defendant Jack Wright moves the Court to impose monetary sanctions on Plaintiff's counsel and/or strike the Complaint. (Doc. 22.) Because the motion is not yet fully briefed, the Court declines to consider this issue.

## IV. Conclusion and Order

For the reasons set forth above, the Court **ORDERS**:

1. The Minero Defendants' motion to dismiss pursuant to Rule 12(b)(1) (Doc. 15) is **GRANTED**.
2. Defendant Jack Wright's motion to dismiss (Doc. 7), Plaintiff's request for leave to file an opposition exceeding the page limit (Doc. 13), and Plaintiff's motion to disqualify

10

        counsel (Doc. 16) are **DENIED** as moot.

    3.    Plaintiff's motion to recuse (Doc. 13) is **DENIED**.

    4.    The action is **DISMISSED** without prejudice for lack of jurisdiction.

    5.    The Clerk of Court is directed to close this matter.

IT IS SO ORDERED.

Dated:   **June 20, 2023**

*/s/ Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE